IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM D. BALDWIN, JR.,    )
           Petitioner,    )
               )    **C.A. No. 06-10 Erie**
        v.    )
               )    **District Judge Cohill**
MARILYN BROOKS, et al.,    )    **Magistrate Judge Baxter**
           Respondents.    )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

### II.    REPORT

#### A.    Relevant Procedural History

Petitioner, a state prisoner incarcerated within the state correctional system, filed this petition for writ of habeas corpus on January 18, 2006. Petitioner is attacking his conviction of Rape, Statutory Rape, Indecent Assault, Involuntary Deviate Sexual Intercourse, and Corruption of Minors at docket number 29396 and 2397 of 1995 in the Court of Common Pleas of Erie County, Pennsylvania.

In this case, Petitioner pled guilty to the charges on November 28, 1995, and was sentenced to a term of imprisonment of forty-eight to one-hundred five years on January 3, 1996. Petitioner filed a timely direct appeal to the Pennsylvania Superior Court, which affirmed the trial court's decision on November 20, 1996. Petitioner did not pursue an appeal to the Pennsylvania Supreme Court.

Thereafter, Petitioner filed the first of his eight PCRA petitions. On July 15, 1996, Petitioner filed his first petition for collateral relief, which was denied by the PCRA court on September 17, 1997. Petitioner did not pursue an appeal of this decision.

On April 24, 1998, Petitioner filed his second PCRA petition, which was denied by the trial court as untimely on June 8, 1998.  Petitioner did not pursue an appeal.

On July 28, 1998, Petitioner filed his third PCRA petition, which was denied as untimely on October 13, 1998.  Again, Petitioner did not pursue an appeal.

On August 7, 2000, Petitioner filed his fourth PCRA petition, which was denied on the court as untimely on September 14, 2000.  Petitioner filed a timely appeal to the Pennsylvania Superior Court, which was later dismissed on May 2, 2001 due to Petitioner's failure to file a brief.  Petitioner did not seek further review.

On September 20, 2001, Petitioner filed his fifth PCRA petition, which was denied on November 8, 2001.  Petitioner did not pursue an appeal.

On October 26, 2001, Petitioner filed his sixth PCRA petition, which was denied on February 11, 2002.  Petitioner filed a timely appeal to the Superior Court, which affirmed the lower court's dismissal of the petition by order dated December 11, 2002.  Specifically, the Superior Court noted that the "serial petition was untimely."  State Court Record.  Petitioner did not pursue an appeal to the Pennsylvania Supreme Court.

On June 18, 2003, Petitioner filed his seventh PCRA petition, which was dismissed on July 15, 2003.  Petitioner filed a timely appeal to the Superior Court, which affirmed the decision of the lower court and ruled that the petition had been untimely filed.  Petitioner did not seek review by the Pennsylvania Supreme Court.

Petitioner filed his eighth PCRA petition around October of 2004.  On November 1, 2004, the PCRA court denied the petition noting that the filing was beyond the statute of limitations.  Petitioner filed a timely appeal to the Pennsylvania Superior Court which affirmed the decision of the lower court on August 22, 2005.  The Superior Court again noted that the petition had been filed in an untimely manner.  Petitioner did not seek further review of this ruling.

Thereafter, on January 18, 2006, Petitioner filed the instant petition for writ of habeas corpus in this federal district court.  The Commonwealth has responded to the petition and it is now ripe for disposition.

**B.**     **Statute of Limitations**

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions.  The applicable statute reads:

(d)     (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under §2244(d), a federal court must undertake a three-part inquiry.  First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section §2244(d)(1)(A).  Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to §2244(d)(2).  Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

Here, Petitioner pled guilty on November 28, 1995, and was sentenced on January 3, 1996. The Superior Court affirmed the sentence on November 20, 1996, and Petitioner did not pursue any further direct appeal.  Petitioner's conviction became "final" for purposes of federal habeas review when his right to seek a direct appeal of his conviction expired under Pennsylvania law (here, when the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired thirty days after the decision by the Superior Court). See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).  Therefore, Petitioner had until December 19, 1997, in which to file his federal habeas petition.

However, pursuant to 2244(d)(2), "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...." Id; see also Artuz v. Bennett, 531 U.S. 4 (2000).  Therefore, this Court must also determine whether any "properly filed" applications for post-conviction collateral relief were pending during the limitations period which would effectively toll the statute.  Petitioner's first PCRA petition was pending from July 15, 1996 through Ocotber 16, 1997 (the last date on which Petitioner could have filed an appeal to the  Pennsylvania Superior Court after the dismissal of the PCRA petition by the district court).  See Carey v. Saffold, 536 U.S. 214 (2002) ("As used in 28 U.S.C. 2244 (d)(2), 'pending' covers the time between a lower state court's decision and the filing of a notice of appeal to a higher state court.").  Therefore, the time between July 15, 1996 and October 16, 1997 is equitably tolled and does not count toward the one-year statute of limitations.[1]

So then, Petitioner had one year from the conclusion of his first collateral attack (or until October 15, 1998)  in which to file his federal habeas petition.  Petitioner filed this petition on

---

[1]    This Court need not count the time periods that the seven subsequent untimely PCRA petitions were pending as such are not considered "properly filed" so as to toll the statute of limitations period. See  Pace v. DiGuglielmo, 544 U.S. 408 (2005).

January 18, 2006, thereby missing the statute of limitations by several years.  Therefore, the petition for writ of habeas corpus should be dismissed as untimely.[2]

### B.        Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000).  A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings."  McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001).  Under 28 U.S.C. § 2253(c)(3), the district court must

---

2 Nothing in the record indicates that Petitioner is entitled to take advantage of any of the exceptions to the one-year limitations period.  Specifically, he has failed to show that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. §2254(d)(1)(C-D).

Finally, there is no indication that the doctrine of equitable tolling should be applied here.  The one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19. A review of the record does not disclose any extraordinary circumstances beyond Petitioner's control that account for his failure to have filed his habeas petition in a timely manner.

identify which specific issues satisfy the standard. Because Petitioner has not made such a showing, a certificate of appealability should be denied.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed as untimely and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

 S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated:  August 24, 2006